IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02045-MSK-BNB

TAMMIE FRITTS-BUSH,

      Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,

      Defendant.

## ~~STIPULATED CONFIDENTIALITY AGREEMENT~~ PROTECTIVE ORDER

The parties to this action realize that some information in this case may contain or relate to confidential and sensitive data, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis. In addition, the parties believe that good cause exists for some documents and information in this action to be produced under a Stipulated Confidentiality Agreement. Therefore, to facilitate the production and receipt of information in this action, ~~the parties stipulate, through their respective counsel, to this~~ **STIPULATED CONFIDENTIALITY AGREEMENT** ~~("Agreement") as follows~~ **IT IS ORDERED**:

    1.    This **Protective Order** ~~Agreement~~ governs the production and handling of information designated as CONFIDENTIAL contained in or derived from documents,[1] deposition testimony, deposition exhibits, trial testimony, computer memory or a r c h i v e s, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "discovery material"), produced by any

---

[1] The word "document" shall include any writing, including any handwriting, typewriting, printing, photostating, photographing, and every other means of recording, electronically or otherwise, upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof.

person ("producing person"), including parties and non-parties, during the proceedings in this Action.

2.      A producing person may designate as CONFIDENTIAL discovery material that the producing person reasonably and in good faith judgment believes contains or discloses confidential and sensitive data, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

3.      Discovery material may be designated CONFIDENTIAL by stamping "CONFIDENTIAL" or otherwise indicating confidentiality as appropriate, on the face of each page of each document or by using such other procedures as may be agreed upon by the parties.

4.      In the event that any question is asked at a deposition which a party or non-party asserts calls for CONFIDENTIAL information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.  Any party or any non-party witness may, either on the record at the deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of the transcript of said deposition, designate portions of oral testimony as CONFIDENTIAL if such party or non-party witness reasonably and in good faith judgment believes the criteria for such designations set forth in Paragraph 2 herein are satisfied. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL information shall be made if requested by the designating party. All oral testimony, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL and subject to this Agreement until thirty (30) days after receipt of the transcript of said deposition by all parties.   Certain depositions may, in their entirety, be designated CONFIDENTIAL prior to being taken because of the anticipated testimony.

5.      All written discovery requests and responses thereto which contain information considered to be CONFIDENTIAL shall be designated as CONFIDENTIAL by stamping them in accordance with this Agreement.

2

6.      The inadvertent or unintentional disclosure by a producing person of discovery material considered by that person to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL as soon as reasonably practicable after the producing person becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL by all receiving persons absent redesignation pursuant to Court order.

7.      When CONFIDENTIAL information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 11 are present during such presentation, quotation or reference.

8.      Subject to the requirements of Paragraph 13 of this **Protective Order** ~~Agreement~~, no person receiving a document or transcript designated as CONFIDENTIAL shall disclose it or its contents to any person other than those described in Paragraph 11 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such document or transcript or any information contained therein.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any document or transcript so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any document or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 11(h) and/or 13 of this **P r o t e c t i v e   O r d e r** ~~Agreement~~.

9.      Except as agreed by the producing person or as otherwise provided herein, including in Paragraphs 11(h) and 13 of this **Protective Order** ~~Agreement~~, information designated as CONFIDENTIAL shall (1) only be used in the preparation for trial and/or any appeal of this Action and 2) be maintained in confidence by the

party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 11 below.

10.      Except as provided in Paragraphs 11(h), (i), (j), (k), (l) and 13 of this **Protective Order** ~~Agreement~~, CONFIDENTIAL information may not be used by any person receiving such material for any business or competitive purpose and shall be used solely for purposes of the litigation as described in Paragraph 9 and for no other purpose without prior written approval from the Court or the prior written consent of the producing party or non-party.

11.      Discovery material and information designated as CONFIDENTIAL by a party or a non-party shall be disclosed only to the following persons:

(a)    attorneys actively working on or supervising the work on this case;

(b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives and agency counsel for the entity defendant;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(c)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

4

(g)     deponents, witnesses, or potential witnesses;

(h)     the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, Colo. Rev. Stat. § 10-1-128(5)(a) (2011), and Colo. Ins. Reg. 6-5-1;

(i)     a jury involved in litigation concerning the claims and any defenses to any claims in this suit;

(j)     anyone as otherwise required by law;

(k)     as authorized by the parties specifically; and

(l)     other persons by written agreement of the parties or their attorneys.

12.     Subject to Paragraph 13 of this Agreement, the recipient of any CONFIDENTIAL documents, material or information provided pursuant to this **Protective Order** ~~Agreement~~ shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

13.     Nothing in this **Protective Order** ~~Agreement~~ disallows Defendant State Farm Fire and Casualty Company's ("State Farm's") maintenance of information and documents in its electronic claim system; documents maintained with the privacy requirements of the Colorado Division of Insurance and other applicable state and federal laws; the records retention requirements of the Colorado Division of Insurance, the Colorado Rules of Professional Conduct, and other applicable slate and federal laws; and any written Hold Order entered by a Court that requires

5

retention of records.  Further, nothing in this **Protective Order** ~~Agreement~~ disallows reporting of information by State Farm as permitted and/or required by applicable slate and federal law, including Colo. Rev. Stat. §10-1-128 (2011), including reporting to the Insurance Services Office, Inc.

14.    **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.** ~~Any party may at any time request from the producing person, in writing, the release of discovery material or information designated as CONFIDENTIAL, or filed under seal, from the requirements of the terms and provisions of this Agreement.  Upon receipt of such request, the~~

6

~~producing person and the party requesting the exemption shall attempt to meet and confer. If the parties are unable to agree as to whether the discovery material or information at issue is properly designated CONFIDENTIAL, any party may raise the issue of such designation with the Court. Pending a ruling from the Court, the producing person's designation shall control.~~

15.    Nothing in this **Protective Order** ~~Agreement~~ shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the producing party at least five (5) business days in advance of production or disclosure of the CONFIDENTIAL discovery material or information to the third party pursuant to such subpoena.

16.    Nothing in this **Protective Order** ~~Agreement~~ shall prevent or restrict counsel for a producing party in any way from inspecting, reviewing, using, or disclosing the discovery material produced or provided by that party, including discovery material designated as CONFIDENTIAL. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this **Protective Order** ~~Agreement~~.

17.    Nothing in this **Protective Order** ~~Agreement~~, nor any failure by a party to challenge the designation by any other party of any documents, material or information as CONFIDENTIAL shall be construed as an admission or agreement that any specific document, material or information is or is not confidential or proprietary, or is or is not

7

otherwise subject to discovery or admissible in evidence.

18.    Nothing in this **Protective Order** ~~Agreement~~ shall be construed as a limitation on the use or admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court.  Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera.  The Court shall retain jurisdiction to modify the terms of this **Protective Order** ~~Agreement~~, or to enter Orders respecting confidentiality, discovery, etc., as may be necessary.

19.    The obligations of this **Protective Order** ~~Agreement~~ shall survive the termination of this action and continue to bind the parties and their counsel.  The Court will have continuing jurisdiction to enforce this **Protective Order** ~~Agreement~~ irrespective of the manner in which this action is terminated.

20.    Upon final determination of the action in which the particular materials were produced, the producing parties and non-parties may request the return to them of all materials designated CONFIDENTIAL and previously furnished or produced in such action, including any copies thereof.  Within thirty (30) days from the receipt of such request, each person or party to whom such materials has been furnished or produced shall be obligated to return same, including any copies, or to destroy such documents and certify that they have been destroyed, except that the recipient need not destroy or return transcripts of depositions that refer to CONFIDENTIAL information and CONFIDENTIAL materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to CONFIDENTIAL information; provided, however, that the

requirements of this Paragraph are subject to the requirements of Paragraphs 1 1 (h) and 13 of this **Protective Order** ~~Agreement~~ and to the routine business practices of State Farm, and also subject to the regular business practices for maintenance and destruction of client files by the parties' counsel.

21.    Subject to the requirements of Paragraphs 11 (h), (j), (k), (l) and 13 of this **Protective Order** ~~Agreement~~, the provisions of this **Protective Order** ~~Agreement~~, insofar as they restrict the disclosure and use of discovery material designated CONFIDENTIAL or information derived therefrom, shall continue to be binding notwithstanding the conclusion of any action in which this **Protective Order** ~~Agreement~~ was adopted and stipulated to, unless written permission to the contrary is obtained from the producing person or the Court otherwise orders.

22.    This **Protective Order** ~~Agreement~~ may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

23.    Nothing in this **Protective Order** ~~Agreement~~ shall prohibit any party from filing a motion seeking further or different protection from the Court under the federal Rules of Civil Procedure, or from filing a motion as to the manner in which confidential information shall be treated at trial.

Dated January 22, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

9

**MERLIN LAW GROUP, P.A.**                    **LEVY, WHEELER, WATERS, P.C.**


BY:_____          BY:_____
      Erin Kristofco, Esq.                            Marc R. Levy, Esq.
      Merlin Law Group, P.A.                          Jesse O. Brant, Esq.
      999 18th Street, Suite 3000                     Levy, Wheeler, Waters, P.C.
      Denver, Colorado 80202                          Plaza Tower One, Suite 900
      *Attorneys for Plaintiff, Tammie Fritts-*       6400 South Fiddlers Green Circle
      *Bush*                                          Greenwood Village, Colorado  80111-
                                                      4923

      *Attorneys for Defendant, State Farm*
      *Fire and Casualty Company*